PER CURIAM.
Feliciano Beneby appeals his conviction and sentence for second degree murder with a firearm. We affirm the conviction, and reverse the sentence.
*275 Appellant killed Ms friend, Walter James, by shooting him in the back of the head. He was charged with first degree murder. Appellant relied upon the insanity defense at trial. On his counsel’s motion, he was evaluated for competency immediately before trial. The court found appellant competent to stand trial. The jury rejected his insanity defense and found him guilty of the lesser included offense of second degree murder with a firearm. The court initially sentenced appellant to 34 years in prison, a sentence permitted without a departure by the guidelines then in effect, but following Heggs v. State, 759 So.2d 620 (Fla.2000), the trial court considered appellant’s motion to correct sentence. It reimposed the same sentence, this time as an upward departure from the 1994 sentencing guidelines.
We affirm appellant’s conviction. He has failed to show that the trial court erred when it allowed the state to call Dr. Bourg-Carter as a rebuttal witness to the insamty defense without first conducting a Richardson hearing.[1] Rule 3.220(j), Florida Rules of Criminal Procedure, requires a party who discovers additional witnesses after compliance with discovery to disclose the witness “promptly.” The State revealed its intention to call this witness, if necessary for rebuttal, within 24 hours of hearing her testimony and three days before trial. Defense counsel deposed the witness two days before trial. No discovery violation occurred, and no Richardson hearing was required.
Appellant has also failed to demonstrate that 'the trial court erred when it denied his motion for mistrial based on comments made during voir dire. The comments were directed to determining the jurors’ attitudes on a critical issue, appellant’s insanity defense. The prosecutor sought to determine whether the jurors believed that one who does a “horrible thing” is necessarily insane, or that it is possible for a person to know the difference between right and wrong, even if there is something wrong with him. Neither the prosecutor’s remark, nor the juror’s comment was directed at appellant individually. See Patton v. State, 784 So.2d 380 (Fla.2000).
We conclude that neither the passing reference to appellant’s nickname, “Gunsmoke,” by the eyewitness during appellant’s cross-examination, nor Dr. Bourg-Carter’s reaction to defense counsel’s cross-examination was so prejudicial as to require a mistrial.
We further hold that the prosecutor’s questions concerning appellant’s cruelty to animals did not require a mistrial. The principal issue at trial was appellant’s sanity. Defense counsel advanced the theory that appellant was insane, that he had no idea what he was doing, and that he had no memory of the murder. Appellant’s psychological expert testified that one of the features of appellant’s condition is the inability to remember violent events. The State maintained that appellant was antisocial and psychopathic but not insane, and that his lack of memory was assumed for purposes of trial. Expert witnesses testified to reports concerning appellant’s cruelty to animals, and to the weight and significance that the witness gave to this factor in reaching a diagnosis. On direct, appellant testified that he did not remember the murder. To support its theory, that his memory loss was assumed, the State elicited from appellant on cross-examination that appellant did remember, in detail, episodes when he killed puppies. We hold that the trial court correctly *276 found that although the evidence was prejudicial, the prejudice did not outweigh its probative value.
However, we reverse appellant’s sentence. The trial court based its departure upon the following finding:
[Appellant] violated the trust of a friend, which facilitated the commission of the murder. He lured him by false pretense to a secluded area behind the warehouses, where he killed him, because he “wanted to see what it felt like.”
Abuse of trust may be used as a reason for departure when the crime is directly related to the trust conferred upon the defendant, and the trust was the factor that made the crime possible. Davis v. State, 517 So.2d 670 (Fla.1987). Here, the evidence shows only that appellant and the victim were friends, that they decided to cut school together, and that appellant told the victim, who was driving, to drive down a trail to the spot where the crime occurred because he had to get something from the back of the trail. We hold that this evidence does not establish that there was a trust bestowed upon appellant by the victim which “formed the foundation of the crime.” Id. at 674.
Accordingly, we affirm appellant’s conviction, and reverse his sentence and remand for resentencing within the guidelines.
DELL, KLEIN and SHAHOOD, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).